Curia, per

Butler, J.
The names of the parties in this case, were used to enable Dr. Buford to make a motion for his own benefit, and not so much for the purpose of punishing the sheriff, as to have the money raised by him properly applied. At the time the .motion was made, Dr. Buford was equally liable with the defendant to pay the debt under fi. fas. against both; against the one as principal, and the other as security. These were the oldest fi. fias, in the office, affecting the defendant, W. R. Scott’s property, and if the money raised by the sheriff had been applied to them, they would have been entirely satisfied, and their liens extinguished.
It is now too well settled to admit of controversy, that *155 a sheriff is bound to take notice of the liens in his office, and to pay money raised by him under official authority, to the oldest execution; and when he pays money to a junior execution, he does so’ at his own risk, and will be held liable for the consequences, either by rule or action at law. His liability to be ruled, is explained and defined in the 21st sec. of the Act of 1839, page 30 — “If any sheriff shall fail to execute and return final process in any civil suit, or to pay over money when demanded, that has come into his hands as sheriff, to the party entitled thereto, and shall be unable, on the return of the rule to be issued against him to shew sufficient cause, he shall be liable to be attached for a contempt, and may be ordered by the Court in which such suit has been brought, to pay the debt and costs, (fee.”
The party entitled to the money, should always have it paid over to him when demanded. When there is a contest for the recovery by different bona fide contending parties, it is sometimes not very easy to say who is entitled to receive it. In such cases, the sheriff should be regarded as a stake holder, and should hold his hand until the adverse claims are subjected to adjudication-. This he must do entirely in good faith, and without collusion with either party. In most cases of dispute, he can judge for himself; and when right, he will, as a matter of course, be protected by the judgment of the Court — and when he withholds money from a party entitled to it, he will not always be exempt from the summary operation of a rule, by shewing in his return, that he had acted in good faith, and did not- intend a wilful contempt of the Court. A rule will always go where the legal rights of the parties can be made to appear from a conceded statement of facts. But where the facts are disputed, and the law depends on their developement, the parties should be left to their action at law, or should enter into a consent rule to make up an issue to ascertain their rights.
We think the sheriff was right in first satisfying the mortgages that were put in his hands, as they were older than the fi. fas. in his office, and operated as liens on some of the property sold. The mortgagees were present, and it seems, consented to release their lien, by taking the pro *156 ceeds of the property sold. It was competent for them to do so ; and the sheriff, having acted as their agent, was justifiable in satisfying these claims in preference to the execution creditors. After satisfying the mortgages, the balance of the money in the sheriff's hands should have been paid to the oldest execution — provided, it was raised by the sale of the defendant’s own property. For I think it would be in the power of a third person to suffer his property to be sold, to pay the debts of the defendant in execution. In such case, he could pay the junior execution in preference to the senior Ji.fa., and could, if there should be a surplus, direct the disposition of the balance in the sheriff’s^ hands to his own use. I understand from the return of the sheriff, that he appropriated the money arising from the sale of Rose and her children, to a junior execution, at the instance of J. T. Scott, who claimed the negroes as trustee. That is, as legal owner of the property, he suffered it to be sold to pay the debt of W. R. Scott, upon the ground that his legal title was not perfect till that debt was paid. But he contends, that as it regards this judgment of which Dr. Buford is assignee, Rose and her children never were, in fact, liable to its lien. Whether the trustee is right or not, I shall not undertake to determine; that depends on facts which are contradicted, and principles of law applicable to them. The position taken by Dr. Buford’s counsel may be well founded, and I do not say that it is otherwise; it is not, however, entirely free from doubt — for if it were, I would not hesitate to enforce the rule against the sheriff, notwithstanding his return. An unquestioned right may as well be protected by rule, as by action*. The ground taken is, that the plaintiff’s execution should be presumed, and even regarded as paid, from the fact that the sheriff knew of it, and satisfied a junior lien from the sales of defendant’s property. This would be the case if the property was defendant’s at the time of sale, and was sold by the sheriff in execution. It may be, that the deed to J. T. Scott was fraudulent as to all the creditors of W. R. Scott, as well as to Chandler & Graham, whose junior execution has been satisfied.
The deed was voluntary, and may have been fraudu *157 lent — but not necessarily so, from the fact of its being voluntary. That must depend on the circumstances and situation of the donor, at the time the deed was executed. The general presumption would be, that it was fraudulent as to all prior creditors. If it should turn out otherwise, upon a full investigation of the facts, it would shew that the motion was premature, and should not be granted — it not being right to make one person’s property pay another’s debts, because it was sold by the sheriff. The right of the trustee to direct the application of the funds in the sheriff’s hands, depends both on the fact of his being the bona fide owner of Rose and her children, and of his subjecting the property to sale at his own instance. If the affirmative be true, the sheriff might be regarded as the trustee’s agent to raise money for another’s benefit. Prudence, at least, requires that we should not deprive the parties of an opportunity of litigating their claims according to the common course of the law; or to have an issue made up to try the question involved in dispute. In this view of the subject, the Court think that the motion should be granted, and an issue is directed to be made up to try the question, whether the money in the hands of the sheriff should not be applied to the payment of the judgment of Cooper vs. Scott. In that issue, Dr. Buford is to be the actor, but must proceed in the name of G. W. Cooper, the plaintiff on the record, or in his own name, as assignee, if he be in fact the assignee of the judgment.
A. P. BUTLER.
We concur. J. S. Richardson, John B. O’Neall, Josiah J. Evans, D. L. Wardlaw.